The point in this case will be sufficiently understood from the opinion of the Court, as delivered by
Sedgwick, J.
This is a special action of the case, in the tria, of which, before Parker, J., at the last November term, * upon the general issue of not guilty pleaded, there [ * 395 J was a verdict for the plaintiffs for 25 dollars damages, taken subject to the opinion of the Court upon this question, viz.: “ whether, by the last will and testament of John Clark, proved April 26, 1765, the land devised to John Clark, therein mentioned, passed to him under the restriction of not carrying up any building, next adjoining the mansion-house devised to William Clark, higher than the building which stood thereon at the time of said devise, sc *356 as to obstruct the lights on the south-western side of the said last-mentioned mansion-house.”
The plaintiffs, in their declaration, allege against the defendant these specific injuries : 1. That the defendant obstructed a certain passage-way, to which the plaintiffs were entitled, so as to deprive them of the privilege of passing through the same. 2. The injury is alleged in these words— “ that the defendant did make and erect, and cause to be made and erected, a certain brick building upon the land in front of the. said ancient wooden dwelling-house, and did then and there erect walls of brick against the westwardly end of said ancient brick dwelling-house, and did entirely join and connect the said walls of brick, by her, the said Nancy, so made and erected, with the walls of the said mansion-house, whereby the same was greatly injured and weakened; and did then and there erect, and cause to be erected and built, a certain erection and building, against the windows of the said ancient brick mansion-house, in the aforesaid will mentioned, by means lohereof the windows aforesaid, were entirely obstructed, and so that the light could not be let into and upon the said stairway of the said mansion-house, as before that time it had been, but the same was thereby wholly dark and useless.” 3. For obstructing and diverting a certain watercourse.
By the question reserved at the trial, and referred to the Court, it appears that the first and third injuries, stated in the declaration, and also all the second, except so much as respects the shutting up. the plaintiffs’ windows, and darkening their stairway, is out of the case.
The rights of the parties depend upon the meaning of two devises in the will of John Clark, — the one to John Clark, [ * 396 ] his * grandson, and the other to PVilliam Clark, his son It is agreed that whatever estate and title was given to William'has been legally derived to the plaintiffs ; and that all the estate and title given to John is in the defendant.
The devise to John is in fee simple, and the subject of the devise is thus described — “ all that ancient wooden dwelling-house, which for a long course of years has belonged to me and my predecessors together with the land whereon the same doth stand and is thereunto belonging, as it has been improved by my tenants for many years past, together with all the land before the same, down to the street called Fish Street, and the shop and buildings thereon fronting said street, said land and house being on the southerly side of my brick mansion-house.”
In deciding which of the parties is right in the construction of this devise, these facts are important to be taken into consideration. 1. By the plan exhibited to the Court, which both parties agree is a *357 just representation of the premises devised to John, the grandson, it appears that they were of irregular form, and would have been of difficult description. 2. That one of the shops devised was contiguous to the brick house given to William, and by an elevation of it, the obstruction of the light complained of has been occasioned. 3. That within the limits of the premises devised was a considerable quantity of vacant land.
W. Sullivan for the plaintiffs.
Amory and Hall for the defendant.
The plaintiffs say that, by the words in the devise, “ as it has been improved by my tenants for many years past,” it was intended to designate the mode of occupation, and to restrain the devisee from enlarging any of the buildings. The defendant says that the object of the words was, to ascertain the extent of the devise. And we are all of opinion that, in this construction, the defendant is right; and for these reasons : it appears that the house was ancient, that it was wooden, and that there was considerable vacant land devised with the buildings. Now, there is no possible motive which can be conceived, which could have induced the testator to say that none of the buildings should, at any time afterwards, be enlarged ; and that no new buildings should, except precisely on the foundations of those then in being, ever be erected, whatever the expediency * might be from an altera- [ * 397 ] tian of circumstances. It is unnecessary to determine whether the policy of the law would permit a testator to encumber forever an estate in fee simple with a restraint so unreasonable ; it is sufficient, to determine the present case, that we can perceive no such intention. The words of the devise will have a reasonable meaning given to them, by construing them to intend a description of the extent of the premises devised; and if this be the meaning, the defendant had a right, owning the land on which the building was founded which has been raised higher, to elevate it to any height she pleased.
If this be a just construction, it is unnecessary to consider either the reservation in the devise to John, or the devise itself to William, — as they respect only a right of way, reserved in the one devise and given in the other, which right of way, by the only question reserved, is out of the case.

Plaintiffs nonsuit.